# EXHIBIT 1

# SETTLEMENT AGREEMENT AND EXHIBITS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT D. BRADY, JR. and RACHEL MEGQUIER on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:17-cv-01313-TWP-MJD |
| Plaintiffs, | ) | Judge Tanya Walton Pratt |
| | ) | |
| v. | ) | Magistrate Judge Mark J. Dinsmore |
| | ) | |
| SCOTTY'S HOLDINGS LLC, DUE NORTH HOLDINGS, LLC, and A POTS & PANS PRODUCTION, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into between and among (1) Plaintiffs Robert D. Brady Junior and Rachel Megquier on behalf of themselves and as representatives of the Settlement Class and (2) Defendants Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC in order to effect a full and final settlement and dismissal with prejudice of all claims against Defendants alleged in the litigation captioned Brady v. Scotty's Holdings et. al., Case No. 1:17-cv-1313 (S.D. Ind.) on the terms set forth below and to the full extent reflected herein. Capitalized terms shall have the meaning ascribed to them in Section II of this Agreement.

## I.    RECITALS

A.    On or about January 30, 2017, a Scotty's Holdings, LLC employee responded to a phishing email purporting to be from the Company's Chief Executive Officer and sent personal information to unknown third parties.

B.    Upon discovering the disclosure, Defendants promptly reported the incident to the Internal Revenue Service ("IRS"), enabling the IRS to implement checks for fraudulent tax

returns filed with employees' W-2 information. Between January 30, 2017 and February 1, 2017, Defendants also notified the Federal Bureau of Investigation, the Indiana State Police, the Federal Trade Commission and the Attorneys General of each state in which employees permanently resided, based on Defendants' records.

C.      On January 31, 2017, Defendants also notified their employees of the data disclosure and provided one year of free credit monitoring services through TransUnion. In their notification letter to employees, Defendants provided additional guidance on credit monitoring and fraud alerting. Defendants also provided all employees with a link to the page for filing a notification of identity theft with the IRS. Defendants subsequently assisted employees who had questions regarding identity protection and credit monitoring, including establishment of a toll-free number for employees to call with questions and addition of a page to the Scotty's Brewhouse website directing employees to additional internal and external resources.

D.      On April 26, 2017, Mr. Brady and Ms. Megquier filed the instant suit, seeking to represent a class comprised of Defendants' employees affected by the alleged data breach. Plaintiffs asserted four causes of action:  (1) negligent disclosure of the W-2 information; (2) invasion of privacy; (3) breach of implied contract; and (4) breach of a purported fiduciary duty that Defendants allegedly owed Plaintiffs to maintain the confidentiality of W-2 information.

E.      Defendants answered the Complaint on June 19, 2017.  On July 21, 2017, the parties appeared before the Court by telephone for an initial pretrial conference, at which time they agreed to participate in mediation on this matter and to stay the case pending the outcome of the mediation.

**F.**    On September 25, 2017, the Parties conducted a mediation with Judge Wayne R. Andersen (Ret.) of Judicial Arbitration and Mediation Services, Inc. and reached a settlement in principle as to all claims.

**G.**    Counsel for Plaintiffs have made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Litigation and have engaged in, and continue to engage in, investigation of the claims asserted therein.

**H.**    Plaintiffs and their Counsel have examined the benefits to be obtained under the terms of this Agreement, have considered the risks associated with the continued prosecution of the Litigation and believe that it is in the best interests of the Settlement Class that the Litigation be resolved on the terms and conditions set forth in this Agreement.  Counsel for Plaintiffs reached that conclusion after considering the factual and legal issues presented in the Litigation, the substantial benefits that members of the Settlement Class will receive as a result of the Agreement, the risks and uncertainties of continued litigation, the expense that would be necessary to prosecute the Litigation through trial and any appeals that might be taken, and the likelihood of success at trial.

**I.**    Defendants deny each and every allegation of liability, wrongdoing and damages and further deny that the Litigation may be maintained as a class action except for settlement purposes.  Nonetheless, without admitting or conceding any liability, damages or any wrongdoing whatsoever, and without conceding the appropriateness of class treatment for claims asserted in any future complaint, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement solely to avoid the substantial expense, inconvenience, burden and disruption of continued litigation.

**J.**       The Parties agree and understand that neither this Agreement nor the settlement it represents shall be construed as an admission by Defendants of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation.

**K.**       The Parties agree and understand that neither this Agreement nor the settlement it represents shall be construed or admissible as an admission by Defendants that Plaintiffs' claims in this Litigation or any other similar claims in other proceedings are or would be suitable for class treatment if the Litigation proceeded through both litigation and trial.

**L.**       The Parties desire to compromise and settle all issues and claims that have been brought or could have been brought against the Released Persons arising out of or related to the claims asserted in the Litigation.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the Parties hereto agree as follows, subject to preliminary and final approval from the Court.

## II.    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

**A.**       "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

**B.**       "Attorneys' Fees and Expenses" means the total award of attorneys' fees, costs and expenses sought by Class Counsel and allowed by the Court.

**C.**       "CAFA Notices" refers to the notice of this Settlement to be served upon state and federal regulatory authorities as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

**D.**       "Claim Deadline" means ninety (90) Days after the Preliminary Approval Date, and said date shall be specified in the Class Notice.

**E.**     "Claim Form" means the form members of the Settlement Class must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein.  The Claim Form shall require a sworn signature under penalty of perjury, but shall not require a notarization or any other form of verification.  Claim Forms will be processed after the Effective Date.

**F.**     Co-Lead Counsel means John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Paul C. Whalen of Law Office of Paul C. Whalen, P.C.

**G.**     "Class Counsel" means Marisa K. Glassman of Morgan & Morgan Complex Litigation Group; Lynn A. Toops of Cohen & Malad, LLP; Jean S. Martin of the Law Office of Jean Sutton Martin, PLLC; Brian P. Murray of Glancy Prongay & Murray LLP;; and, Jasper D. Ward IV of Jones Ward PLC.

**H.**     "Class Member Payment List" means the list of Settlement Class Members who have been determined to be eligible to receive the benefits of the Settlement as outlined in Section IV.

**I.**     "Court" means the United States District Court for the Southern District of Indiana.

**J.**     "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a Federal or State of Indiana legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or Federal or State of Indiana legal holiday.

**K.** "Defense Counsel" means Latham & Watkins LLP.

**L.** "Defendants" means Defendants Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC.

**M.** "Data Disclosure" means the disclosure on or about January 30, 2017 or any related disclosure of personal information of Defendants' employees in response to a phishing email purporting to be from the CEO of Scotty's Holdings, LLC.

**N.** "Effective Date" means the date defined in Section XII.

**O.** "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

**P.** "Final" means final as defined in Section XII, Paragraph B.

**Q.** "Final Order and Judgment" means the order defined in Section X, Paragraph A, except that any reduction to an award of attorneys' fees and expenses shall not constitute a material alteration.

**R.** "Litigation" means the action captioned <u>Brady v. Scotty's Holdings et. al.</u>, Case No. 1:17-cv-1313 (S.D. Ind.).

**S.** "Class Notice" means written notice provided to members of the Settlement Class.

**T.** "Notice And Administrative Costs" means the reasonable and authorized costs and expenses of providing notice to members of the Settlement Class in accordance with the Preliminary Approval Order and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or Defendants in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class,

processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

**U.** "Notice Date" means the first day on which the Settlement Administrator or its designee publishes or otherwise disseminates the Published Notice, which date must be within forty-five (45) Days of the Preliminary Approval Date.

**V.** "Parties" means the Plaintiffs, Settlement Class Members and Class Counsel together with Defendants. Plaintiffs, Settlement Class Members and Class Counsel shall be referred to as one "Party," with Defendants being the other "Party."

**W.** "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, attorneys, insurers and assignees.

**X.** "Plaintiffs" means Rachel Megquier and Robert D. Brady Junior.

**Y.** "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

**Z.** "Preliminary Approval Order" means the order defined in Section IX, Paragraph A.

**AA.** "Scotty's" means Defendants Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC.

**BB.** "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective successors and assigns who have not excluded themselves from the Settlement Class) of the Released Persons of and from all Released Claims and shall include the agreement and commitment by Plaintiffs and all

Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

CC.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, acts, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to the Data Disclosure or any related disclosure, including, without limitation, that Defendants negligently disclosed employee personally-

identifying information, that Defendants invaded employees' privacy, that the Data Disclosure breached an implied contract between Defendants and their employees, or that the Data Disclosure breached a fiduciary duty that Defendants owed to their employees, as asserted in the Litigation by Plaintiffs and/or the Settlement Class Members.

**DD.** "Released Persons" means Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC and their affiliates and each of their respective past, present and future predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys.

**EE.** "Releasing Persons" means Plaintiffs, on behalf of themselves and all Settlement Class Members and their respective heirs, estates, administrators, representatives, attorneys, agents, partners, successors and assigns of each of Plaintiffs and the Settlement Class Members.

**FF.** "Settlement" means the settlement set forth in this Agreement.

**GG.** "Settlement Administrator" means RG/2 Claims Administration, LLC, which will administer the publication of Class Notice, maintain the Settlement Website, administer the Settlement in accordance with this Agreement and engage in any other tasks directed by the Court, Class Counsel or Defense Counsel.

**HH.** "Settlement Class" or "Class" means all current and former members of Defendants' workforce whose personal data was compromised or potentially compromised as a result of the Data Disclosure.

**II.** "Settlement Class Notice Program" means the notice program described in Section VI.

**JJ.**    "Settlement Website" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Agreement, the Published Notice, the Official Notice and the Claim Form, among other things.

**KK.**    "Settling Parties" means, collectively, the Released Persons, the Releasing Persons and all Settlement Class Members.

**LL.**    The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## III.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

**A.**    The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows:

All current and former members of Defendants' workforce whose personal information was disclosed in the Data Disclosure.

Specifically excluded from the Settlement Class are the following Persons:

(i)    Class Counsel; and

(ii)    The judges who have presided over the Litigation.

**B.**    Solely for the purpose of implementing this Agreement and effectuating the Settlement, Defendants stipulate to the Court entering an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class and appointing the following as Co-Lead Counsel and Class Counsel for the Settlement Class:

<u>**Co-Lead Counsel:**</u>

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
jyanchunis@Forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602

Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Paul C. Whalen
**LAW OFFICE OF PAUL C. WHALEN, P.C.**
paul@paulwhalen.com
768 Plandome Road
Manhasset, New York 11030
Telephone: (516) 426-6870
Facsimile: (212) 658-9685

**Class Counsel:**

Lynn A. Toops
**COHEN & MALAD, LLP**
ltoops@cohenandmalad.com
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2495

Marisa Glassman
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
mglassman@Forthepeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

Jean Sutton Martin
**LAW OFFICE OF JEAN SUTTON MARTIN PLLC**
jean@jsmlawoffice.com
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Telephone: (910) 292-6676
Facsimile: (888) 316-3489

Brian P. Murray
**GLANCY PRONGAY & MURRAY LLP**
bmurray@glancylaw.com
230 Park Ave, Suite 530New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Jasper D. Ward IV
**JONES WARD PLC**

jasper@jonesward.com
312 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 882-6000
Facsimile: (502) 587-2007

**C.**      Solely for the purpose of implementing this Agreement and effectuating the

Settlement, the Parties stipulate that R/G2 Claims Administration will be appointed as Settlement

Administrator.

**D.**      Solely for the purpose of implementing this Agreement and effectuating the

Settlement, Defendants stipulate that Plaintiffs and Class Counsel are adequate representatives of

the Settlement Class.

## IV.    BENEFITS TO SETTLEMENT CLASS MEMBERS

**A.**      Subject to the terms of this Agreement, the following benefits will be available to

Settlement Class Members:

**1.**      Extension of Identity Theft Protection.  The TransUnion service

initially offered by Defendants in response to the Data Disclosure will be extended

through February 1, 2019 for all members of the Settlement Class who previously

enrolled.

**2.**      Open Enrollment for Identity Theft Protection.  All members of the

Settlement Class will be offered an opportunity to enroll in the TransUnion service

initially offered by Defendants in response to the Data Disclosure for a period through

February 1, 2019.

**3.**      Reimbursement of Self-Paid Identity Theft Protection.  Any

Settlement Class Member who purchased identity theft protection on their own from

January 31, 2017 through March 1, 2017 may seek reimbursement for the actual cost incurred for up to 12 months of their chosen service, not to exceed $150. The Settlement Class Member must submit documentation to prove monthly costs incurred by them and for which they may be obligated.

      **4.**    <u>Reimbursement of Expenses</u>. Settlement Class Members may choose all applicable categories:

      **a.**    <u>Claim A</u>: Settlement Class Members who had a false or fraudulent tax return filed after January 30, 2017 will be eligible for a payment of $350. Claimants must provide proof of the false tax return being filed and attest that they have no knowledge of a false or fraudulent tax return being filed in their name in the three years prior to 2017.

      **b.**    <u>Claim B</u>: Settlement Class Members who had an IRS tax transcript requested without their authorization using their personal information after January 30, 2017 and submitted an identity theft affidavit to the IRS shall be entitled to a payment of $150. Claimants must provide proof of the false tax transcript request and submission of the identity theft affidavit, and attest that they have no knowledge of an IRS tax transcript being fraudulently requested using their personal information in the three years prior to 2017.

      **c.**    <u>Claim C</u>: Settlement Class Members who experienced incidents of identity theft, other than the filing of a false or fraudulent tax return or unauthorized request for an IRS tax transcript using their personal information, after January 30, 2017 shall be entitled to a payment of $250. Excluded from eligibility are incidents of fraudulent charges on existing credit cards. Claimants must provide documentation of

the fraudulent activity or a personal attestation of the details of such activity. Additionally, Settlement Class Members making a claim under Claim C must attest that they have no knowledge of incidents of identity theft, other than fraudulent credit card activity, in the three years prior to 2017.

        **d.**      <u>Claim D</u>:  Settlement Class Members who claim they suffered out-of-pocket expenses (other than the purchase of identity theft service) after January 30, 2017 as a result of the Data Disclosure shall be entitled to reimbursement of such out-of-pocket expenses in an amount not to exceed $500.  Claimants must submit reasonable documentation supporting the claim for expenses.  Settlement Class Members may also submit a self-verifying statement for time spent dealing with the effects of the Data Disclosure and be reimbursed for up to three hours at $15/hour under Claim D.

There shall be no cap for the sums to be paid to Settlement Class Members under Claim A and Claim B.

The sum of the total reimbursement paid under Claim C to all Settlement Class Members shall not exceed $50,000.  Should the sum of the total reimbursement claimed under Claim C exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.

The sum of the total reimbursement paid under Claim D to all Settlement Class Members shall not exceed $50,000. Should the sum of the total reimbursement claimed under Claim D exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.

**5.**    Preventative Actions.  Defendants will undertake the following actions:

**a.**    Cyber Security Awareness Training:  Defendants will provide security awareness training for all members of their workforces annually for calendar year 2018.

**b.**    Cyber Security Training for Human Resources Personnel:  Members of Defendants' human resources departments will complete within ninety (90) Days of the Effective Date a security awareness training program that includes a phishing security awareness component. Additionally, all new HR employees for the next two years will be required to complete this training within 90 days of hire.

**c.**    Cyber Security Representatives:  Defendants will designate an employee or committee of employees to coordinate and be responsible for Defendants' cyber security.

**d.**    New Cyber Security Protocols:  Within ninety (90) Days after the Effective Date, Defendants will develop and implement new protocols for the security of any files containing employees' personally-identifying information.

## V.    SETTLEMENT ADMINISTRATION

**A.**    All Notice and Administrative Costs will be paid by Defendants.

**B.**    The Parties have agreed to have RG/2 Claims Administration serve as the Settlement Administrator and will request that the Court appoint R/G Claims Administration as Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

A.      The Settlement Administrator will effectuate the notice of proposed Settlement as required by the Class Action Fairness Act of 2005 ("CAFA").

B.      The Settlement Administrator will cause the Settlement Class Notice Program be effected in accordance with the terms of the Settlement and any orders of the Court.  The Settlement Administrator may request the assistance of the Parties to facilitate providing notice by publication and to accomplish such other purposes as may be approved by Defendants and Class Counsel.  The Parties shall reasonably cooperate with such requests.

C.      The Settlement Administrator will administer the Settlement Website and will cause the Settlement Website to be updated to provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Class Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; a toll-free telephone number; and contact address for questions.  The Settlement Website shall be rendered inactive thirty (30) Days after the Claim Deadline has passed.  Class Counsel and Defense Counsel shall agree on all information and documents to be posted on the Settlement Website.

D.      The Settlement Administrator will administer the claims process in accordance with the terms of the Settlement, any additional processes agreed to by Class Counsel and Defense Counsel and subject to the Court's supervision and direction as circumstances may require.

1.      To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form.  Claim Forms must be submitted by U.S. mail and must be postmarked no later than the Claim Deadline.

**2.** The Settlement Administrator will review and evaluate each Claim Form, including any Valid Proofs of Purchase submitted, for validity, timeliness, and completeness.

**a.** If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have thirty (30) Days from the date of written notice to cure the deficiencies. The Settlement Administrator will provide notice concurrently to Defendants, Defense Counsel and Class Counsel.

**b.** If the Settlement Class Member cures the deficiencies identified by the Settlement Administrator within thirty (30) Days of notice of the deficiency and the Settlement Administrator thereafter determines that the Settlement Class Member's Claim is complete, the Class Member shall be included in the Class Member Payment List.

**3.** Defendants will have the right to audit Claim Forms for validity and fraud.

**a.** In the event that Defendants determine a Claim Form is invalid or fraudulent and should be rejected, Defendants will give Class Counsel written notice of their intent to reject the Claim Form, including the reason for the proposed rejection. Class Counsel shall have fourteen (14) Days from the date of Defendants' written notice to dispute the rejection. If Class Counsel disputes Defendants' rejection of a Claim Form, the Parties shall meet and confer and attempt within fourteen (14) Days to resolve any issues regarding the disputed Claim Form. If the Parties are unable to reach an

agreement regarding whether the disputed Claim Form should be accepted or rejected, Defendants will seek a determination from the Court.

    **4.** The Settlement Administrator will maintain records of all Claim Forms submitted until the later of (a) one hundred eighty (180) Days after either the Effective Date or (b) the date all Claim Forms have been fully processed. Claim Forms and supporting documentation may be provided to the Court upon request and to Class Counsel to the extent necessary to resolve claims determination issues pursuant to this Agreement and Settlement. Defendants or the Settlement Administrator will provide other reports or information that the Court may request or that the Court or Class Counsel may reasonably require.

**E.** No later than ten (10) Days after all deadlines for correcting deficiencies in the Claim Form have passed, the Settlement Administrator will provide to Class Counsel and Defense Counsel a report containing the names and addresses of each Settlement Class Member who submitted a valid Claim Form for each of the claims identified above in Section IV, Paragraph A. The list of such eligible Settlement Class Members shall be known as the Class Member Payment List.

## VI.   SETTLEMENT NOTICE, OBJECTIONS AND OPT OUT RIGHTS

**A.** The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

**B.** No later than forty-five (45) Days after the Preliminary Approval Date, the Settlement Administrator will cause Class Notice and a Claim Form to be sent to all Class Settlement Members by First-Class United States Mail.

**C.**      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order.

**D.**      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by Defense Counsel. Despite this provision, Class Counsel shall not be prohibited from posting notice of the settlement of this case and a link to the settlement website on their respective websites.

**E.**      The Class Notice shall:

**1.**      contain a short, plain statement of the background of the Litigation and the proposed Settlement;

**2.**      describe the proposed Settlement relief as set forth in this Agreement;

**3.**      inform the Settlement Class that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive relief and will release their claims;

**4.**      describe the procedures for participating in the Settlement and advise the Settlement Class of their rights, including their right to file a Claim Form to receive benefits under the Settlement, to become opt outs, or to object to the Settlement;

**5.**      explain the impact of the proposed Settlement on any existing litigation, arbitration or other proceeding;

**6.**    state that any award to Settlement Class Members under the Settlement is contingent on the Court's final approval of the proposed Settlement;

**7.**    explain the procedures for opting out of the Settlement;

**8.**    specify that opt outs shall be allowed on an individual basis only and that so-called "mass" or "class" opt outs shall not be allowed; and

**9.**    provide that any objection to the Settlement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection has filed timely notice of his or her intention to do so, with the grounds for the objection, and has filed copies of such papers he or she proposes to submit at the Fairness Hearing with the Clerk of the Court and served copies of such papers on Class Counsel and Defense Counsel on or before the Opt Out and Objection Date, as approved by the Court and specified in the Class Notice.  A Class Member who fails to follow the procedures and deadlines set forth in the Class Notice for submitting his or her comments to the proposed Settlement will waive his or her right to be heard by the Court and will waive his or her right to appeal.

**F.**    No later than fourteen (14) Days after the Preliminary Approval Date, the Settlement Administrator will create the Settlement Website.

**G.**    The Settlement Website shall be maintained from the Notice Date until thirty (30) Days after the Claim Deadline has passed.

**H.**    Any Settlement Class Member who intends to object must do so on or before the Opt Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and Defense Counsel:

1.    A caption or title that identifies it as "Objection to Class Settlement in <u>Brady v. Scotty's Holdings, et al.</u>, Case No. 1:17-cv-01313-TWP-MJD (S.D. Ind.);"

2.    The full name, address, email address, telephone number of the Person objecting and, if represented by counsel, of his or her counsel;

3.    A description of his or her employment by Defendants during calendar year 2016;

4.    A written statement detailing each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; and

5.    Copies of any documents upon which the objection is based or that the objecting Settlement Class Member may seek to use at the Fairness Hearing.

I.    If an objecting Settlement Class Member intends to appear at the Fairness Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve on Class Counsel and Defense Counsel) no later than ninety (90) Days after the Preliminary Approval Date.

1.    If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2012 to the present,

the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection.

2.     If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony no later than ninety (90) Days after the Preliminary Approval Order.

J.     Any Settlement Class Member who fails to timely file and serve a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Agreement, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.  Any objecting Settlement Class Member who appeals a grant of Final Approval will be required to post an appeal bond.

K.     A member of the Settlement Class who wishes to opt out of the Settlement Class must do so on or before the Opt Out and Objection Date.  In order to opt out, the member of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is postmarked no later than the Opt Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion and contain a statement that indicates a desire to be excluded from the Class.  A member of the Settlement Class may opt out on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

L.     Except for those who timely and properly file a request for exclusion, all other members of the Settlement Class will be deemed to be Settlement Class Members for all

purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive relief.

M.      Any Person who properly opts out of the Settlement Class shall not:  (a) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

N.      The Settlement Administrator will provide Class Counsel with the Opt Out List within ten (10) Days after the Opt Out and Objection Date.

## VII.    ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

A.      Class Counsel will petition the Court for service awards not to exceed $5000.00 each for Plaintiffs Rachel Megquier and Robert D. Brady Junior, which awards are intended to compensate the Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Awards").  Defendants will not oppose Class Counsel's application for said Service Awards.  If approved by the Court, these Service Awards will be paid no later than forty-five (45) Days after the Effective Dates.

B.      Class Counsel will petition the Court for an award of Attorneys' Fees and Expenses in an amount not to exceed $275,000.  Defendants will not oppose Class Counsel's application for said award of fees and expenses.  If approved by the Court, Class Counsel's Attorneys' Fees and Expenses will be paid no later than forty-five (45) Days after the Effective Date, provided that Class Counsel have previously provided Defendants with completed W-9 and wire transfer forms.  Class Counsel agree that upon payment by Defendants of the Attorneys' Fees and Expenses as directed by the Court, pursuant to the wire transfer information provided by Class Counsel, Defendants' obligations to Class Counsel shall be fully satisfied and discharged, and Class Counsel shall have no further or other claim against Defendants of any

sort, including but not limited to a claim for enforcement of any attorneys' lien.

C.      Class Counsel will file the applications with the Court for Service Awards and Attorneys' Fees and Expenses at the same time that they file their motion in support of the Final Order and Judgment.

D.      The Parties agree that Defendants will not in any event or circumstance be required to pay any amounts to Plaintiffs or Class Counsel in excess of the amounts identified above in Section VII, Paragraphs A and B.

E.      The Parties agree that the Court's approval or denial of any request for Service Awards and/or Attorneys' Fees and Expenses are not conditions to this Agreement and are to be considered by the Court separately from the fairness, reasonableness and adequacy of the Settlement.  Any reduction to the Service Awards and/or award of Attorneys' Fees and Expenses shall not operate to terminate or cancel this Agreement.

## VIII.  NOTICES

A.      All notices (other than the Class Notice and CAFA Notices) required by the Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to Class Counsel or Plaintiffs shall be sent to:

John A. Yanchunis, Esq.
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:  (813) 318-5169

Paul C. Whalen, Esq.
LAW OFFICE OF PAUL C.
WHALEN, P.C.
768 Plandome Road
Manhasset, New York 11030
Telephone: (516) 426-6870

All Notices to Defense Counsel or Defendants shall be sent to:

| | |
|---|---|
| Mark S. Mester, Esq. | Jennifer C. Archie, Esq. |
| LATHAM & WATKINS LLP | LATHAM & WATKINS, LLP |
| 330 North Wabash Avenue, Suite 2800 | 555 Eleventh Street, NW, Suite 1000 |
| Chicago, IL 60611 | Washington, D.C. 20004 |
| Telephone:  (312) 876-7700 | Telephone:  (202) 637-2200 |

**B.**     The notice recipients and addresses designated above may be changed by written notice to all Parties.

**C.**     Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## IX.    SETTLEMENT APPROVAL PROCESS

**A.**     After execution of this Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order, which:

      **1.**     Preliminarily approves this Agreement;

      **2.**     Certifies the Settlement Class;

      **3.**     Schedules a Fairness Hearing on final approval of this Settlement and Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.  The Fairness Hearing shall be scheduled no earlier than one hundred fifty (150) Days after the Notice Date, subject to Court approval;

      **4.**     Finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class;

      **5.**     Appoints the Settlement Administrator in accordance with the provisions of Section V;

**6.** Approves the Class Notice and directs the Settlement Administrator to publish the Class Notice in accordance with the Settlement Class Notice Program provided for in this Agreement;

**7.** Approves the Claim Form;

**8.** Approves the creation of the Settlement Website;

**9.** Finds that the Settlement Class Notice Program implemented pursuant to this Agreement: (i) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement and (iii) meets all applicable requirements of applicable law;

**10.** Requires the Settlement Administrator to file proof mailing of Class Notice and Claim Form and proof of maintenance of the Settlement Website at or before the Fairness Hearing;

**11.** Requires each member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked and sent to the Settlement Administrator at the address on the Official Notice on or before the Opt Out and Objection Date, or as the Court may otherwise direct.

**12.** Preliminarily enjoins all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other

proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (iii) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims.  This Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency;

13.    Orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an opt out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release;

14.    Requires each Settlement Class Member who is not an opt out and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses to file with the Court and serve on Class Counsel and Defense Counsel, postmarked no later than the Opt Out

and Objection Date, or as the Court may otherwise direct, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

   a.   A caption or title that identifies it as "Objection to Class Settlement in Brady v. Scotty's Holdings et. al. Litigation, Case No. 1:17-cv-1313 (S.D. Ind.);"

   b.   The objecting Settlement Class Member's full name, address, email address, and telephone number;

   c.   A description of his or her employment with Defendants during calendar year 2016;

   d.   A written statement detailing each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; and

   e.   Copies of any papers, briefs or other documents upon which the objection is based or that the objecting Settlement Class Member may seek to use at the Fairness Hearing;

   15.   Requires any responses to an objection to be filed with the Court no later than seven (7) Days prior to the Fairness Hearing;

   16.   Specifies that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section VI, Paragraph H shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise;

**17.** Requires that any attorney hired by a Settlement Class Member for the purpose of objecting to this Agreement or to the proposed Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's expense;

**18.** Requires that any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of appearance with the Court (as well as serve on Class Counsel and Defense Counsel) postmarked no later than ninety (90) Days after the Preliminary Approval Date containing the following information:

**a.** If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) and associated state bar numbers to which counsel is admitted and a list identifying all objections such counsel has filed to class action settlements from January 1, 2012 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's own expense; and

**b.** If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses and a brief summary of each

witness' expected testimony no later than ninety (90) Days after the Preliminary Approval Order;

19.    Requires any Settlement Class Member who files an objection to make himself or herself available for deposition upon ten (10) Days written notice.  The deposition must be taken within forty (40) miles of the objecting Settlement Class Member's residence, unless the objecting Settlement Class Member and parties agree to a different location;

20.    Provides that any Settlement Class Member who fails to comply with the procedures for presenting objections described above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Litigation;

21.    Directs the Settlement Administrator to promptly furnish Class Counsel and Defense Counsel with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in this Agreement;

22.    Directs that Class Counsel shall file their applications for the Service Awards and Attorneys' Fees and Expenses in accordance with the terms set forth in Section VII;

23.    Orders the Settlement Administrator to provide the Opt Out List to Class Counsel and Defense Counsel no later than ten (10) Days after the Opt Out and Objection Date, and then file with the Court the Opt Out List with an affidavit attesting

to the completeness and accuracy thereof at or before the Fairness Hearing or on such

other date as the Parties may direct; and

    **24.**  Contains any additional provisions agreeable to the Parties that

might be necessary or advisable to implement the terms of this Agreement and the

proposed settlement.

## X.    FINAL ORDER AND JUDGMENT AND RELEASES

    **A.**    If this Agreement (including any modification thereto made with the consent of

the Parties as provided for herein) is approved by the Court following the Fairness Hearing

scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to

enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all

applicable laws, that, among other things:

    **1.**    Finds that the Court has personal jurisdiction over Plaintiffs and all

members of the Settlement Class and that the Court has subject matter jurisdiction to

approve this Settlement and Agreement and all exhibits thereto;

    **2.**    Certifies a Settlement Class solely for purposes of this Settlement;

    **3.**    Grants final approval to this Agreement as being fair, reasonable

and adequate as to all Parties, consistent and in compliance with all requirements of due

process and applicable law and in the best interests of all Parties and directs the Parties

and their counsel to implement and consummate this Agreement in accordance with its

terms and provisions;

    **4.**    Declares this Agreement and the Final Order and Judgment to be

binding on and to have <u>res judicata</u> and preclusive effect in all pending and future

lawsuits or other proceedings encompassed by the Release (as set forth in Section X,

Paragraph B) maintained by or on behalf of Plaintiffs and all other Settlement Class

Members, as well as their agents, heirs, estates, executors or administrators, successors and assigns;

5.      Finds that the Settlement Class Notice Program implemented pursuant to this Agreement:  (i) constituted reasonable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek relief, (iii) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law;

6.      Approves the Claim Form that was distributed to the Settlement Class;

7.      Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Agreement;

8.      Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment as set forth herein;

9.      Adjudges that Plaintiffs and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Persons;

10.     Approves payment of the Attorneys' Fee and Expenses to Class Counsel in a manner consistent with Section VII;

11.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendants, Plaintiffs, Class Counsel and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and Final Order and Judgment and for any other necessary purposes;

12.     Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, whether they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendants and all Released Persons;

13.     Determines that the Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Agreement;

14.     Bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other

proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

15.     Approves the Opt Out List and determines that the Opt Out List is a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt Outs who subsequently elect to submit Claim Forms prior to the Claim Deadline; and

16.     Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Judgment and Order of Dismissal.

1.    Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

2.    Without in any way limiting the scope of the Release, this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for Service Awards to Plaintiff.

C.    As of the Effective Date, the Released Persons are deemed to have fully released and forever discharged by operation of the entry of the Final Order and Judgment Plaintiff, the Settlement Class Members, Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, of and from any claims arising out of the Litigation or the Settlement.

D.    As of the Effective Date, the Released Persons are deemed to have fully released and forever discharged each other by operation of entry of the Final Order and Judgment of and from any claims they may have against each other arising from the claims asserted by the Releasing Persons in the Litigation, including any claims arising out of the investigation, defense or Settlement of the Litigation.

E.    Nothing in the Releases shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed herein.

## XI.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Agreement:

1.    If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified;

2.    If the Court materially alters any of the terms of the Agreement; or

3.    If the Preliminary Approval Order, as described in Section IX, Paragraph A or the Final Order and Judgment, as described in Section X, Paragraph A, is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.  In the event of a withdrawal pursuant to this Section XI, Paragraph A any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement.

B.    In the event of withdrawal by Defendants in accordance with the terms set forth in this Section XI, the Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to Defendants, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be

used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XII.    EFFECTIVE DATE

A.    The "Effective Date" of this Agreement shall be fourteen (14) Days after the date when each and all of the following conditions have occurred:

1.    This Agreement has been fully executed by all Parties and their counsel;

2.    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Agreement and approving the form of Class Notice and Claim Form, all as provided above;

3.    The Court-approved Class Notice has been mailed and the Settlement Website has been duly created and maintained as ordered by the Court;

4.    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

5.    The Final Order and Judgment has become Final as defined in Section XII, Paragraph B.

B.    "Final," when referring to a judgment or order means that (a) the judgment is a final, appealable judgment; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

**C.**     If, for any reason, this Agreement fails to become Final pursuant to the foregoing Section XII, Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Agreement had never been entered into.

## XIII.   ADDITIONAL PROVISIONS

The recitals and exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

**A.**     This Agreement is for settlement purposes only.  Neither the fact of nor any provision contained in this Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Litigation or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendants or any admission by Defendants of any claim or allegation made in any action or proceeding against Defendants or any concession as to the lack of merit in any of the claims asserted by Plaintiffs in the Litigation.  This Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.  Nothing contained herein is or shall be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment.

**B.**     In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give

this Agreement full force and effect.  The executing of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

C.      No Person shall have any claim against Plaintiff, Class Counsel, Defendants, Defense Counsel, the Settlement Administrator or the Released Persons or their agents based on administration of the Settlement substantially in accordance with the terms of the Agreement or any order of the Court or any appellate court.

D.      Class Counsel and all other counsel of record for Plaintiffs and Defense Counsel hereby agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Notice.

E.      This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of the Litigation.  This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.

F.      There shall be no waiver of any term or condition absent an express writing to that effect by the non-waiving Party.  No waiver of any term or condition in this Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

**G.**     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single agreement.

**H.**     This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement.  All terms, conditions and exhibits are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**I.**     This Agreement shall be construed under and governed by the laws of the State of Indiana without regard to its choice of law provisions.

**J.**     The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

**K.**     In the event that any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the other provisions, which shall remain in full force and effect as though the invalid, illegal or unenforceable provision had never been a part of this Agreement as long as the benefits to Defendants or the Settlement Class Members are not materially altered as the result of the invalid, illegal or unenforceable provision.

**L.**     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement.

**M.**     Within thirty (30) Days after the Effective Date, Class Counsel will return any and all material produced in discovery or otherwise in connection with the Litigation.

**N.**    This Agreement will be binding upon and inure to the benefit of the successors and assigns of the Settling Parties.

**O.**    Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

**P.**    The headings used in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.  In construing this Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

**Q.**    The Parties stipulate to stay all proceedings in the Litigation until the approval of this Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Agreement.

**R.**    Each Party to this Agreement and the signatories thereto warrant that he, she or it is acting upon his, her or its independent judgment and the advice of his, her or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

**S.**    Each signatory below warrants that he or she has authority to execute this Agreement and bind the Party on whose behalf he or she is executing the Agreement.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized attorneys below.


[The Remainder Of This Page Is Intentionally Left Blank]

**Plaintiffs:**

Robert D. Brady Junior

Rachel Megquier

By: /s/ John A. Yanchunis
      John A. Yanchunis

*Counsel for Plaintiffs and*
*The Proposed Settlement Class*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
jyanchunis@Forthepeople.com
Marisa Glassman
mglassman@ForThePeople.com
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

**LAW OFFICE OF PAUL C. WHALEN, P.C.**
Paul C. Whalen
paul@paulwhalen.com
768 Plandome Road
Manhasset, New York 11030
Telephone: (516) 426-6870
Facsimile: (212) 658-9685

**LAW OFFICE OF JEAN SUTTON MARTIN PLLC**
Jean Sutton Martin
jean@jsmlawoffice.com
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Telephone: (910) 292-6676
Facsimile: (888) 316-3489

**COHEN & MALAD, LLP**
Irwin B. Levin
ilevin@cohenandmalad.com
Richard E. Shevitz
rshevitz@cohenandmalad.com
Lynn A. Toops
ltoops@cohenandmalad.com
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2495

**GLANCY PRONGAY & MURRAY LLP**
Brian P. Murray
bmurray@glancylaw.com
230 Park Ave, Suite 530

New York, New York 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

**JONES WARD PLC**
Jasper D. Ward IV
jasper@jonesward.com
The Pointe
1205 E. Washington Street, Suite 111
Louisville, Kentucky 40206
Telephone: (502) 882-6000
Facsimile: (502) 587-2007

**Defendants:**

Scotty's Holdings, LLC


By: /s/ Berekk Blackwell
    Berekk Blackwell

    Its: Vice President

Due North Holdings, LLC


By: /s/ Berekk Blackwell
    Berekk Blackwell

    Its: Vice President

A Pots & Pans Production, LLC


By: /s/ Berekk Blackwell
    Berekk Blackwell

    Its: Vice President

**Counsel for Defendants:**

Approved as to form:
LATHAM & WATKINS LLP


/s/ Mark S. Mester
Mark S. Mester, Esq.
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  mark.mester@lw.com

Jennifer C. Archie, Esq.
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201
Email:  jennifer.archie@lw.com

# EXHIBIT A
## Long-Form Notice
## Available Online

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

------------------------------------------------------------------
**ROBERT D. BRADY, JR. and RACHEL MEGQUIER**
*on behalf of themselves and*
*all others similarly situated*,
                          Plaintiffs,

v.

**SCOTTY'S HOLDINGS LLC,**
**DUE NORTH HOLDINGS, LLC,**
**and A POTS & PANS PRODUCTION, LLC**
                          Defendants,
------------------------------------------------------------------

### NOTICE REGARDING RIGHT TO BENEFIT FROM
### CLASS ACTION SETTLEMENT

A Settlement Agreement has been reached in a class action lawsuit alleging that Scotty's Holdings LLC Due North Holdings, LLC and A Pots & Pans Production, LLC (hereinafter, "Scotty's") experienced an unauthorized disclosure of certain information which occurred on or about January 30, 2017 ("Data Disclosure").  If you have been affected by the unauthorized disclosure you may be entitled to payment under the Settlement Agreement reached in the case.

As part of this Settlement, Scotty's has agreed to pay certain types of claims for all Class Members, extend benefits previously offered, and undertake certain preventative cyber security measures.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT,**
**SO READ THIS NOTICE CAREFULLY.**

| YOUR OPTIONS | |
|---|---|
| **Submit a Claim Form**<br>**Deadline:** _____ | **Complete and submit a Claim Form and receive compensation**<br>By completing and submitting a Valid Claim Form you may recover money or other relief, depending on your claim made and the total claims by other Class Members. |
| **Ask to be Excluded**<br>**Deadline:** _____ | **Get out of this lawsuit and get no benefits from it**<br>Instead of submitting a Claim Form, you may ask to be excluded from the lawsuit. By excluding yourself, you cannot recover as part of this settlement and you keep a right to sue on your own. |
| **Object**<br>**Deadline:** _____ | **Object to the terms of the Settlement.**<br>You may object to the terms of the Settlement and have your objections heard at the [DATE] Fairness Hearing. |
| **DO NOTHING** | You will not receive any compensation and you will give up your rights to sue Scotty's about the issues raised in this case. |

**1.       What is this Lawsuit about?**

In the Lawsuit, the Plaintiffs bring claims against Scotty's for negligent disclosure of the W-2 information; (2) invasion of privacy; (3) breach of implied contract; and (4) breach of fiduciary duty.

Scotty's denies any wrongdoing and denies all claims asserted against it in Lawsuit.

Both sides have agreed to settle the Lawsuit to avoid the cost, delay, and uncertainty of litigation.

You can read Plaintiffs' Complaint, the Settlement Agreement, other case documents, and download a claim form at *www. xxxsettlementxxx .com*

**2.       Why is this a class action?**

In a class action, a Class Representative (in this case, Plaintiffs Robert Brady and Racquel Megquier), sues on behalf of a group (or a "Class") of people. Here, the Class Representatives sued on behalf of people who have similar claims regarding the Data Disclosure.

**3.       Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the Parties reached a Settlement Agreement as to Plaintiffs' and the Class claims.

**4.       How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All current and former employees of Scotty's whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about January 30, 2017.

**5.       What Relief is Available to Class Members and How do I recover?**

To obtain a recovery, you must submit a Claim Form. This is the only way to get a payment.

Class Members who submit a valid and timely Claim Form may be entitled to three potential forms of relief.

1)  Any Settlement Class Member who purchased identity theft protection on their own from January 31, 2017 through March 1, 2017 may seek reimbursement for the actual cost incurred for up to 12 months of their chosen service, not to exceed $150.  To obtain this reimbursement, Class Members will need to provide documentary proof of the purchase, and the costs incurred.

2)  The TransUnion service initially offered by Defendants in response to the Data Disclosure will be extended through February 1, 2019 for all members of the Settlement Class who previously enrolled.  Any member of the Settlement Class who did not previously enroll in the TransUnion service has the opportunity to enroll for a period through February 1, 2019.

3) Class Members monetary relief by filing a claim and choosing all applicable categories as follows:

Category A:   Settlement Class members who had a false/fraudulent tax return filed after January 1, 2017, will be eligible for a payment of $350. Claimants must provide proof of the false tax return being filed and attest that they had not had false/fraudulent returns filed previously in the last 3 years.

Category B:   Settlement Class Members who had an IRS tax transcript requested without their authorization using their personal information after January 1, 2017 and submitted an identity theft affidavit to the IRS shall be entitled to a payment of $150. Claimants must provide proof of the false tax transcript request and submission of the identity theft affidavit, and attest that they have no knowledge of an IRS tax transcript being fraudulently requested using their personal information in the three years prior to 2017.

Category C:   Settlement Class Members who experienced incidents of identity theft, other than the filing of a false or fraudulent tax return or unauthorized request for an IRS tax transcript using their personal information, after January 30, 2017 shall be entitled to a payment of $250. Excluded from eligibility are incidents of fraudulent charges on existing credit cards. Claimants must provide documentation of the fraudulent activity or a personal attestation of the details of such activity. Additionally, Settlement Class Members making a claim under Claim C must attest that they have no knowledge of incidents of identity theft, other than fraudulent credit card activity, in the three years prior to 2017. The sum of the total reimbursement paid under Claim C to all Settlement Class Members shall not exceed $50,000. Should the sum of the total reimbursement claimed under Claim C exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.

Category D:   Class members who claim they suffered out-of-pocket expenses (other than purchase of identity theft services) after January 30, 2017 as a result of the Data Disclosure shall be entitled to reimbursement of such in an amount not to exceed $500. Claimants must submit reasonable documentation supporting the claim for expenses. Class members can also submit an affidavit or declaration for time spent dealing with the effects of the Data Disclosure and be reimbursed for up to 2 hours at $15/hour under this claim. The sum of the total reimbursement paid under Claim D to all Settlement Class Members shall not exceed $50,000. Should the sum of the total reimbursement claimed under Claim D exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.

You can download the Claim Form at www.xxxsettlementxxx.com and mail it to:

> Claims Administrator
> PO Box _____
> _____

All claim forms must be mailed or filed online no later than [DATE].

In addition to the monetary benefits described above, Scotty's has agreed to the following injunctive relief for the benefit of all Class Members:

Following the incident, Scotty's will undertake the following preventative actions:

> Cyber Security Awareness Training:  Scotty's will provide security awareness training for all members of their workforces annually for two years.

> Cyber Security Training for Human Resources Personnel:  Members of Scotty's human resources departments will complete within ninety (90) Days of the Effective Date a security awareness training program that includes a phishing security awareness component. Additionally, all new HR employees for the next two years will be required to complete this training within 90 days of hire.

> Cyber Security Representatives:  Scotty's will designate an employee or committee of employees to coordinate and be responsible for Defendants' cyber security.

> New Cyber Security Protocols:  Scotty's will develop and implement new protocols for (1) the security of any files containing employees' personally-identifying information and (2) the electronic transfer of such files.

**6.    What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Scotty's a "release." A release means you cannot sue or be part of any other lawsuit against Scotty's about the claims or issues in this Lawsuit with respect to the claims in the action and you will be bound by the Settlement.  For your convenience, the Release, which necessarily is drafted in legal-sounding language, is attached as Exhibit A to this Notice.

**7.    How much will the Class Representatives receive?**

The Class Representatives will receive his or her portion of the settlement as a Class Member and a payment of up to $5,000.00 as an incentive award for having pursued this action. Any incentive payment is subject to Court approval.

**8.    Do I have a lawyer in this case?**

To represent the class, the Court has appointed John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Paul C. Whalen of Law Office of Paul C. Whalen, P.C. as "Co-Lead Class Counsel" and Jean S. Martin of the Law Office of Jean Sutton Martin, PLLC, Marisa K. Glassman of Morgan & Morgan Complex Litigation Group, Lynn A. Toops of Cohen & Malad, LLP, Brian

P. Murray of Glancy Prongay & Murray LLP, and Jasper D. Ward IV of Jones Ward PLC, as "Class Counsel." You can contact Class Counsel at 855-400-3445 or 516-426-6870.

Class Counsel will request an award of attorneys' fees and expenses from the Court not to exceed $275,000 for litigating the case and negotiating the Settlement. Any attorneys' fee and expense awards are subject to Court approval. You may hire your own attorney, but only at your own expense.

**9.    I don't want to be part of this case.  How do I ask to be excluded?**

If you don't want a payment from this Settlement, but you want to keep the right to individually sue Scotty's about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself, or "opting out", of the Settlement Class. To exclude yourself, you must send a letter by mail that (i) states the Class Member's full name, address and telephone number, (ii) contains the Class Member's signature or the signature of the person authorized by law to sign on behalf of the Class Member, and (iii) states unequivocally that the Class Member's intent is to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than [DATE] to Claims Administrator, PO Box xxxx, _____.

**10.    How do I object?**

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement. In order to exercise this right, you must submit your objection to the Court and to the Claims Administrator. Your objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth a statement of the legal and factual basis for the Objection;  and  (v)  provide  copies  of  any documents  that  the  Settlement Class Member wishes to submit in support of his/her position.

Objections must be filed with the Clerk of the Court and delivered to the Claims Administrator on or before _____.

The Court's address is: Clerk of the Court, US. District Court Southern District of Indiana, _____.

The Claims Administrator's address is:  Claims Administrator, PO Box xxxx, _____.

### The Fairness Hearing

The Court will hold a fairness hearing on [DATE]  at Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to rule on applications for compensation for Class Counsel and an incentive awards for the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## <u>FOR MORE INFORMATION</u>

Additional information and documents, including case documents, are available at www.xxxsettlementxxx.com, or you can contact Class Counsel with questions at:

John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 N Franklin Street
Tampa, FL 33602
(855) 400-3445

Paul C. Whalen
Law Office Of Paul C. Whalen, P.C.
768 Plandome Road
Manhasset, New York 11030
(516) 426-6870

**PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# EXHIBIT B
## SHORT FORM NOTICE
## TO BE MAILED

Claims Administrator
PO Box xxxxx
_____

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS 1>>
<<ADDRESS 2>>
<<DATE>>
<<CITY>> <<STATE>> <<ZIP CODE>>

> For more information or a Claim Form, please call xxx-xxx-xxxx or visit www.xxxsettlementxxx.com

## NOTICE OF CLASS ACTION SETTLEMENT

*Robert D. Brady, et al. v. Scotty's Holdings et. al.,*
Case No. 1:17-cv-1313 (Southern District of Indiana)

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

You have been identified as a potential class member in a class action settlement. A Settlement Agreement has been reached in a class action lawsuit alleging that Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC ("Scotty's") experienced an unauthorized disclosure of certain information which occurred on or about January 30, 2017 ("Lawsuit").  Scotty's records show that you may have been affected by the unauthorized disclosure and may be entitled to recovery under the Settlement reached in the case.

As part of this Settlement, Scotty's has agreed to pay certain types of claims for all Class Members, extend benefits previously offered, and undertake certain preventative cyber security measures. Your legal rights are affected whether you act or don't act, so read this Notice carefully.

**This Notice contains limited information about the Settlement.**
**Visit www.xxxsettlementxxx.com for more information,**
**including to review the full notice and obtain a Claim Form.**

- **What is this Lawsuit about?** In the Lawsuit, the Plaintiffs allege that Scotty's violated certain duties with respect to the personal data of employees and, as a result, W-2 data was compromised by an unauthorized third party in January 2017 ("Data Disclosure").  Scotty's denies any wrongdoing and denies all claims asserted against it in the Lawsuit. Both sides have agreed to settle the Lawsuit to avoid the cost, delay, and uncertainty of litigation. You can read Plaintiffs' Complaint, the Settlement Agreement, other case documents, and obtain a claim form at *www.xxxsettlementxxx.com*

- **Who's Included in the Settlement Class?**  All current and former employees of Scotty's whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about January 30, 2017**.**

- **What Can You Get?**  Class Members who submit a valid and timely Claim Form may be entitled to: (a) monetary relief for identity theft and reimbursement of certain expenses resulting from the Data Disclosure, depending on the category; (b) reimbursement of certain self-paid identity theft protection services, not to exceed $150; and, (c) identity theft protection services through TransUnion until February 1, 2019. Attorneys' fees and expenses, and any incentive award to the Class Representatives, will not be

*Visit www.xxxsettlementxxx.com for complete information and to obtain a Claim Form.*

paid out of the Settlement Fund and will not affect recovery by Class Members.  Administrative costs will not reduce the payments to any Class Member. The Settlement is explained in detail in the Full Notice and in the Settlement Agreement available at *www.xxxsettlementxxx.com*.

- **How to Get Money?**  To qualify for payment, you must submit a valid Claim Form to *Claims Administrator, PO Box xxxx, _____* by **DATE.**   The Claim Form is available at www.xxxsettlementxxx.com.

- **What Do I Give Up?**  If you remain in the Class, you give up the right to sue Scotty's or its related persons regarding the Data Disclosure, **whether or not you submit a claim**.  The full scope of the release of claim is important, and is included in the Full Notice at www.Xxxsettlementxxx.com.

- **What If I Don't Like The Settlement?**  You can exclude yourself from the Settlement or you can object to the Settlement.  If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** or you will not be able to sue Scotty's or its related persons for any claims relating to this case. If you exclude yourself, you cannot submit a claim or get money from this Settlement, but you will not give up any claims you may have. If you stay in the Settlement Class, you may object to the Settlement by **DATE.** If the Court overrules your objection, you will be bound by the Settlement.  The Full Notice, located at www.xxxsettlementxxx.com, explains how to exclude yourself from, or object to, the Settlement.

- **Do I Have a Lawyer?** Yes.  To represent the class, the Court has appointed John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Paul C. Whalen of Law Office of Paul C. Whalen, P.C. as "Co-Lead Class Counsel" and Jean S. Martin of the Law Office of Jean Sutton Martin, PLLC, Marisa K. Glassman of Morgan & Morgan Complex Litigation Group, Lynn A. Toops of Cohen & Malad, LLP, Brian P. Murray of Glancy Prongay & Murray LLP, and Jasper D. Ward IV of Jones Ward PLC, as "Class Counsel." The lawyers will file a motion seeking Court approval for the payment of their attorneys' fees and expenses, to be paid separately from the monetary relief being made available for Approved Claims, in an amount no greater than $275,000.00 for litigating the case and negotiating the Settlement.  The Court has also chosen Plaintiffs—Class Members like you— to serve as the Class Representatives to represent the Class.  The Class Representatives will also request service award payments in the amount of $5,000.00 each. You can hire your own lawyer, but you'll need to pay your own legal fees.

- **When Will the Court Approve the Settlement?** The Court will hold a final approval hearing on _____ at _____ at the Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204 to consider whether to approve the Settlement.  The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees and expenses and a service award to each of the Class Representatives.  These requests will be posted on the settlement website by **DATE**.  You may attend the hearing and ask to be heard by the Court, but you do not have to.

**If you do not take any action, you will be legally bound by the Settlement and any orders or judgments entered in the Lawsuit, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendant.**

**Please do not contact the Court, Defendant or its counsel with questions.**
**You may contact Class Counsel at 855-400-3445 or 516-426-6870.**

*Visit www.xxxsettlementxxx.com for complete information and to obtain a Claim Form.*

# EXHIBIT C

# CLAIM FORM

# CLAIM FORM

*Robert D. Brady, et al. v. Scotty's Holdings et. al.,*
Case No. 1:17-cv-1313 (Southern District of Indiana)

**THIS CLAIM FORM MUST BE SUBMITTED OR POSTMARKED BY [DATE] IN ORDER TO BE VALID.**

ATTENTION: This Claim Form is to be used to apply for benefits from the Settlement with Scotty's Holdings LLC Due North Holdings, LLC and A Pots & Pans Production, LLC (hereinafter, "Scotty's") as a result of the unauthorized disclosure of W-2 data that occurred on or about January 30, 2017 ("Data Disclosure"). To recover as part of this Settlement, you *must* provide the information requested in this Claim Form for each applicable claim. PLEASE BE ADVISED that any documentation you provide must be submitted WITH this Claim Form.

There are three potential types of claims:

(1) Identity theft protection service through TransUnion;
(2) Reimbursement for self-purchased identity theft protection; and,
(3) Payment for certain losses or expenses resulting from the Data Disclosure.

For further information on each, please see the Notice.

All claims should be mailed to *Claims Administrator, PO Box xxxxxx, _____*, and must be postmarked by [DATE].

_____

## General Information

First Name: _____

Last Name: _____

Address:

_____
_____

City:_____ State:_____
Zip Code: _____

If you prefer to be contacted by email, please provide your email address: _____

Last 4 Digits of Social Security Number: ____  ____  ____  ____

| **You may submit claims under any of the applicable categories set forth below.** |
| --- |

Questions?  Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-1-

**Claim A:  False/Fraudulent Tax Return**

To obtain reimbursement under this category, you must attest to the following:

□ I attest that I had a false/fraudulent tax return filed after January 30, 2017.

□ I attest that I have not had false/fraudulent tax returns filed previously in the last 3 years.

□ I attest that I have documentation of the false/fraudulent tax return being filed, and I have provided it with this Claim Form.

**Failure to attest or provide appropriate documentation will result in the denial of your claim.**

□ I hereby submit a compensation request under Claim A.

**Claim B:  Unauthorized IRS Tax Transcript**

To obtain reimbursement under this category, you must attest to the following:

□ I attest that an unauthorized IRS tax transcript was requested using my personally identifiable information after January 30, 2017.

□ I attest that as a result of the unauthorized IRS transcript request, I subsequently submitted an Identity Theft Affidavit to the IRS.

□ I attest that I have no knowledge of any other IRS tax transcript request being made on my behalf without my authorization in prior years.

□ I attest that I have documentation of the unauthorized tax transcript request and my submission of the Identity Theft Affidavit, and I have submitted that documentation with this Claim Form.

**Failure to attest or provide appropriate documentation will result in the denial of your claim.**

□ I hereby submit a compensation request under Claim B.

Questions?  Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-2-

## Claim C: Other Identity Theft

To obtain reimbursement under this category, you must attest to the following:

☐ I attest that I have experienced incidents of identity theft, other than the filing of a false or fraudulent tax return or unauthorized request for an IRS tax transcript (as detailed in Claims A and B) using my personal information, after January 30, 2017. (**Fraudulent charges on existing credit cards are not eligible to be considered.**) Please provide a description of these incidents of identity theft below.

☐ I attest that I have not had false/fraudulent tax returns filed previously in the last 3 years.

☐ I have submitted documentation of this fraudulent activity with this Claim Form. If you do not have documentation of these incidents of identity theft, you must provide a written detail of such fraudulent activity.

| Description of the Identity Theft | Date of Event | Type of Supporting Documentation |
|---|---|---|
| Examples:<br><br>Bank account attempted to be opened in my name | 3/08/17 | Copy of Letter from Bank of America |
| Loan application made in my name | 3/15/17 | I do not have documentation.<br>On 3/15/17, I received a call from Discover Bank asking if I had recently made a loan application. I stated that I had not and they indicated the loan application file would be closed. |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Failure to attest or provide appropriate documentation will result in the denial of your claim.**

☐ I hereby submit a compensation request under Claim C.

Questions? Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-3-

**Claim D:  Out-of-Pocket Expenses (other than self-purchase of identity theft service)**

To obtain reimbursement under this category, you must attest to the following:

□ I attest that I incurred out-of-pocket expenses (other than self-purchase of identity theft service) as a result of the Data Disclosure.

□ I attest that I have documentation of my out-of-pocket expenses (other than self-purchase of identity theft service) as a result of the Data Disclosure, and I have submitted such documentation with this Claim Form.

Total Out-of-Pocket Expenses Claimed: _____

| Description of the Expense | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Examples:<br><br>Fraud alert placed on credit account | 2/13/17 | $30.00 | Copy of invoice/billing statement |
| Mailing police reports to credit card companies | 2/20/16 | $5.00 | Copy of receipt from U.S. Post Office |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

□ I attest that I spent time dealing with the effects and consequences of the Data Disclosure, and I am submitting a notarized affidavit or a declaration under the penalty of perjury stating the amount of time (up to 2 hours) I spent dealing with the effects of the Data Disclosure.

You may be reimbursed for up to 2 hours of time at $15/hour.
Time Spent:  _____ (max. 2 hours) x $15/hour: $_____

Total Time + Out-of-Pocket Expenses Claimed: $_____ (max. $150)

**Failure to attest or provide appropriate documentation will result in the denial of your claim.**

□ I hereby submit a compensation request under Claim D.

Questions?  Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-4-

**Self-Purchased Identity Theft Protection**

If you purchased identity theft protection at your own expense between January 31, 2017 through March 1, 2017, you may request reimbursement for up to 12 months' worth of your selected service, up to a maximum of $150, as permitted by the Settlement.

Date of Original Purchase of Identity Theft Protection : _____
* service must have been purchased between<br>January 31, 2017 through March 1, 2017 to qualify *

Name of Identity Theft Protection Service: _____

Cost of Identity Theft Protection Service: $ _____

Amount of Reimbursement You Are Claiming: $ _____ (max $150)
* you may request reimbursement for up to 12 months' worth of service *

To obtain reimbursement under this category, you must attest to the following:

☐ I attest that I have documents sufficient to show:  (a) that I purchased identity theft protection, (b) the date I purchased identity theft protection, and (c) the amount that I paid for identity theft protection, and I have provided that documentation with this Claim Form.

**You must provide documentation to prove your purchase of Identity Theft Protection and the cost of this service.  Failure to provide appropriate documentation will result in the denial of your claim.**

**Experian ProtectMyID Elite**

If you did not previously register for the Identity Theft Protection services through TransUnion provided by Scotty's, you may request this service now.  Coverage will be effective on [DATE] and be effective through February 2019.

☐    I elect to receive Identity Theft Protection Services through TransUnion

Please note that current enrollment is only available to those individuals who did *not* previously receive this service through Scotty's.  By requesting this service through this Claim Form, you are certifying that you did not previously enroll in the TransUnion Identity Theft Protection Services.

For those who previously enrolled, your coverage will be extended through February 2019. You do not need to take any further action for the extension to become effective.

Questions?  Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-5-

**Certification**

I understand that my Claim and the information provided above will be subject to verification.

By submitting this Claim Form, I hereby also declare under penalty of perjury under the law of the United States of America that the information provided in this Claim Form is true and correct. I further certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that I am submitting this Claim Form and the affirmations it makes under the penalty of perjury. I further understand that my failure to check this box may render my Claim null and void.**

Claimant Signature: _____ Date: ___/____/_____

Printed Name: _____

**THIS CLAIM FORM MUST BE SUBMITTED OR POSTMARKED BY -------, 2018 IN ORDER TO BE CONSIDERED TIMELY**

Questions? Visit www.xxxsettlementxxx.com or call 1-xxx-xxx-xxxx.

-6-